UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DANIEL DIGIOVANNI, JR., | ) | Case No. EDCV 09-03370-JEM |
| Plaintiff, | ) ) | |
| v. | ) ) | MEMORANDUM OPINION AND ORDER REVERSING DECISION OF COMMISSIONER |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) ) | |
| Defendant. | ) ) | |

**PROCEEDINGS**

On May 15, 2009, Daniel DiGiovanni, Jr. ("Plaintiff" or "Claimant" or "DiGiovanni"), filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Disability and Disability Insurance Benefits. The Commissioner filed an Answer on July 20, 2009. On November 23, 2009, the parties filed a Joint Stipulation ("JS").

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before the Magistrate Judge. The matter is now ready for decision. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision should be affirmed.

**BACKGROUND**

Plaintiff is a 42 year old male who has the medically determinable severe impairment of degenerative disc disease, for which he underwent two surgeries in August 2006.  (AR 11.)  He has not engaged in substantial gainful activity since the alleged onset date of May 17, 2006.  (AR 11.)

Plaintiff's claims initially were denied by the Commissioner on May 18, 2007.  (AR 9.)  Plaintiff filed a timely request for a hearing, which was held on June 9, 2008, in Pasadena, California before Administrative Law Judge ("ALJ") Richard A. Urbin.  (AR 9-16.)  Claimant appeared and testified and was represented by counsel.  (AR 9, 37-64.)  Vocational expert Howard Goldfarb also appeared and testified.  (AR 9, 65-70.)

The ALJ issued an unfavorable decision on August 29, 2008.  (AR 9-15.)  The ALJ concluded that, notwithstanding Plaintiff's medical impairments, he had the residual functional capacity ("RFC") to perform the full range of light work (AR 12), including his prior work in the automobile field.  (AR 15.)  The ALJ therefore concluded that Plaintiff was not disabled within the meaning of the Social Security Act.  (AR 15.)  Central to the ALJ's ruling was an adverse determination of Plaintiff's credibility, which Plaintiff never addresses or contests.

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, the disputed issues that Plaintiff is raising as grounds for reversal and remand are as follows:

1.  Whether the ALJ properly considered the consultative examiner's opinion.

2.  Whether the ALJ properly developed the record.

3.  Whether the ALJ properly considered the type, dosage and side effects of Plaintiff's prescribed medications.

4.  Whether the ALJ posed a complete hypothetical question to the vocational expert.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and whether the proper legal standards were applied.  DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991).  Substantial evidence means "'more than a mere scintilla' but less than a preponderance."  Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson, 402 U.S. at 401 (internal quotations and citations omitted).  This Court must review the record as a whole and consider adverse as well as supporting evidence.  Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006).  Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld.  Morgan v. Comm'r, 169 F.3d 595, 599 (9th Cir. 1999).  "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'"  Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

**DISCUSSION**

The Court concludes that the ALJ's determination that Plaintiff is not disabled is supported by substantial evidence and free of legal error.

**A.     The Sequential Evaluation**

The Social Security Act defines disability as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Commissioner has established a five-step sequential process to determine whether a claimant is disabled.  20 C.F.R. §§ 404.1520, 416.920.

1       The first step is to determine "whether the claimant is presently engaging in

2  substantially gainful activity." Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007).  If the

3  claimant is engaging in substantially gainful activity, disability benefits will be denied.

4  Bowen v. Yuckert, 482 U.S. 137, 140 (1987).  Second, the ALJ must determine whether the

5  claimant has a severe impairment or combination of impairments.  Parra, 481 F.3d at 746.

6  An impairment is not severe if it does not significantly limit the claimant's ability to work.

7  Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996).  The ALJ, however, must consider

8  the combined effect of all the claimant's impairments on his or her ability to function,

9  regardless of whether each alone is sufficiently severe.  Id.  Also, the ALJ must consider the

10  claimant's subjective symptoms in determining severity.  Id.

11       Third, the ALJ must determine whether the impairment is listed, or equivalent to an

12  impairment listed, in Appendix I of the regulations.  Parra, 481 F.3d at 746.  If the

13  impediment meets or equals one of the listed impairments, the claimant is presumptively

14  disabled.  Bowen, 482 U.S. at 141.

15       Fourth, the ALJ must determine whether the impairment prevents the claimant from

16  doing past relevant work.  Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001).  If the

17  claimant cannot perform his or her past relevant work, the ALJ proceeds to the fifth step and

18  must determine whether the impairment prevents the claimant from performing any other

19  substantial gainful activity.  Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).

20       The claimant bears the burden of proving steps one through four, consistent with the

21  general rule that, at all times, the burden is on the claimant to establish his or her

22  entitlement to benefits.  Parra, 481 F.3d at 746.  Once this prima facie case is established

23  by the claimant, the burden shifts to the Commissioner to show that the claimant may

24  perform other gainful activity.  Lounsbury v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006).

25       **B.    Substantial Evidence Supports The ALJ's
            Adverse Credibility Finding And RFC**

26
27       Plaintiff injured his lower back in the U.S. Army at age 19 and was given a medical

28  discharge.  (AR 234.)  He continued to have back pain and ultimately underwent two

1  surgeries in August 2006 for a herniated and ruptured disc.  (AR 234, 170.)  Three lumbar

2  discs were replaced.  (AR 170.)  Plaintiff received pedicle screws in the operation.  (AR 11,

3  212.)

4       No one doubts Plaintiff's medical condition and pain through the date of the surgeries

5  in August 2006.  The issue is whether his post-surgical condition is disabling.

6       Subsequent to the August 2006 disc surgeries, Plaintiff continued to complain of back

7  pain and neck pain.  (AR 234-35.)  He claims that he cannot sit or stand in one place for any

8  length of time and is unable to lift or bend.  (AR 124, 142, 234.)  He takes Flexeril, Lisinopril,

9  Thorazine, and Percocet.  (AR 235.)

10       Notwithstanding these complaints, in May of 2007, consulting examiner Dr. Saeid

11  observed that Claimant was in no acute distress and was able to get into and out of a chair

12  without difficulty.  (AR 172.)  He noticed some tenderness in the neck and back (AR 172-74)

13  but found Plaintiff capable of lifting and carrying 20 pounds occasionally and 10 pounds

14  frequently and able to stand or walk six hours in an eight hour day.  (AR 174.)  No other

15  physician contradicted this opinion, which would permit Plaintiff to perform the full range of

16  light work.  (AR 13.)

17       In January 2008, Dr. Edelman, a consulting neurosurgeon, recounted Plaintiff's

18  complaints of pain and functional limitation but noted that Claimant had no distress at rest

19  and no neck tenderness.  (AR 236.)  He observed Claimant to have a casual gait in and out

20  of the office but that he walked in a jerky fashion when Dr. Edelman asked him to come into

21  the examining room.  (AR 236.)

22       The ALJ acknowledged that Plaintiff's impairments reasonably could be expected to

23  produce the alleged pain (AR 13) but made an adverse determination of Plaintiff's credibility.

24  (AR 13-15.)  There is substantial evidence to support the ALJ's determination.

25       The test for deciding whether to accept a claimant's subjective symptom testimony

26  turns on whether the claimant produces medical evidence of an impairment that reasonably

27  could be expected to produce the pain or other symptoms alleged.  Bunnell v. Sullivan, 947

28

F.3d 341, 346 (9th Cir. 1991); <u>Reddick v. Chater</u>, 157 F.3d 715, 722 (9th Cir. 1998); <u>Smolen</u> <u>v. Chater</u>, 80 F.3d 1273, 1281-82 esp. n. 2 (9th Cir. 1995); <u>Cotton v. Bowen</u>, 799 F.2d 1403, 1407 (9th Cir. 1986).  The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because they are unsupported by objective medical evidence. <u>Reddick</u>, 157 F.3d at 722; <u>Bunnell</u>, 947 F.2d at 343, 345.  If the ALJ finds the claimant's pain testimony not credible, the ALJ must specifically make findings that support this conclusion.  <u>Bunnell</u>, 947 F.2d at 345.  The ALJ must set forth "findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." <u>Thomas v. Barnhart</u>, 278 F.3d 949, 958 (9th Cir. 2002); <u>Rollins v. Massanari</u>, 261 F.3d 853, 856-57 (9th Cir. 2001); <u>Bunnell</u>, 947 F.2d at 345.  Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of a claimant's symptoms only by offering "specific, clear and convincing reasons for doing so."  <u>Reddick</u>, 157 F.3d 722; <u>Smolen</u>, 80 F.3d at 1283-84.  The ALJ must identify what testimony is not credible and what evidence discredits the testimony.  <u>Reddick</u>, 157 F.3d at 722; <u>Smolen</u>, 80 F.3d at 1284.

Here, the ALJ's adverse credibility determination was based on Dr. Saeid's unrebutted opinion that Claimant was capable of performing light work.  (AR 14-15.)  It also was based on clinical evidence of an improving neck condition with a diminished bulge.  (AR 13.)  Progress notes also indicate that physical therapy improved Plaintiff's neck pain.  (AR 14.)  Most disturbing, after complaining of back pain, Claimant did not follow up with pain management, preferring instead to attend jury duty.  (AR 14.)  <u>Orn v. Astrue</u>, 495 F.3d at 638 ("Our case law is clear that if a claimant complains about disabling pain but fails to seek treatment, or fails to follow prescribed treatment, for the pain, an ALJ may use such failure as a basis for finding the complaint unjustified or exaggerated").  The ALJ also cited the inconsistent gait in Dr. Edelman's office.  (AR 14.)  Although claiming that he sits around all day, there is no evidence of muscle wasting.  (AR 14.)  Finally, the ALJ noted the allegation of multiple medical conditions that are not medically determinable or severe such as carpal tunnel syndrome, migraines and depression.

1    Substantial evidence supports the ALJ's undisputed adverse credibility determination.

2    Significantly, Plaintiff never addresses the ALJ's adverse credibility determination or

3    Plaintiff's assertions of disabling pain.

4    Based on Dr. Saeid's assessment and the adverse credibility determination, the ALJ

5    found that Claimant had the residual functional capacity to perform the full range of light

6    work. (AR 12-15.)  The vocational expert, Mr. Goldfarb, determined that Claimant could

7    perform his past relevant work. (AR 15.)  Substantial evidence supports these findings.

8    ### C.    Plaintiff's Contentions Lack Merit

9    Plaintiff's first contention criticizes the ALJ's decision for rejecting or failing to consider

10   Dr. Saeid's findings regarding tenderness and reduced range of movement of the lumbar

11   spine and "positive right leg raising." (AR 174.)  Plaintiff had contended that he met the

12   requirements of Listing 1.04A, 20 C.F.R. Pt. 404, Supl. F, App. 1, § 1.04A.  Plaintiff argues

13   that the ALJ rejected Dr. Saeid's favorable comments because Dr. Saeid did not specify

14   whether the test was administered in the seated or supine position. (AR 12.)  Plaintiff's

15   second contention is that the ALJ failed to develop the record properly on whether Dr. Saeid

16   administered the straight leg raising test in a seated or supine position.  These related

17   arguments have no merit.

18   First, the ALJ also noted that the neurological examination was unremarkable with

19   intact sensation. (AR 12.)  Second, Plaintiff does not explain how the information not

20   directly addressed or the claimed ambiguity are significant or would change the outcome in

21   any way.  However the test was administered, Dr. Saeid concluded that Plaintiff had the

22   residual functional capacity to do light work.  This was so even with tenderness and reduced

23   range of movement in the lumbar spine and with positive straight leg raising.  Contrary to

24   Plaintiff's assertion, Dr. Saeid plainly took these findings into account when offering his RFC

25   opinion.  The ALJ credited Dr. Saeid's RFC opinion, which was unrebutted.  Even if Plaintiff

26   met the straight leg test portion of Listing 1.04A, the ALJ made clear that Plaintiff did not

27   meet the other requirements of the Listing.  Specifically, the ALJ found no evidence of

28

1    compromise of a nerve root or the spinal canal.  (AR 12.)  Any ambiguity in the testing was

2    inconsequential.  There was no ambiguity regarding Dr. Saeid's RFC.

3        Plaintiff's third contention is that the ALJ failed to consider the side effects of

4    Plaintiff's medications.  In fact, the ALJ made a specific finding that there was no indication

5    in the progress notes of treating physicians to substantiate any chronic or significant

6    medication side effects.  (AR 14.)  No physician indicated that Plaintiff had any functional

7    limitations due to medication side effects.  (AR 204, 223, 234-284.)  The ALJ was not

8    required to address medication side effects if they do not interfere with his ability to work.

9    Osenbrock v. Apfel, 240 F.3d 1157, 1164 (9th Cir. 2001) (ALJ need not consider side

10   effects where there were passing mentions of side effects but no evidence that side effects

11   were severe enough to interfere with the ability to work).  The only side effects evidence is

12   Plaintiff's own statements, the credibility of which was undermined by the record of symptom

13   magnification and deferral of pain management to attend jury duty.

14       Plaintiff's final contention is that the ALJ failed to pose a complete hypothetical to the

15   vocational expert with all of Plaintiffs' functional limitations.  This argument lacks merit

16   because substantial evidence supports the ALJ's RFC which is what the vocational expert

17   was asked to assume.  Magallanes v. Brown, 881 F.2d 747, 756-57 (9th Cir. 1989) (ALJ

18   properly may limit a hypothetical to restrictions supported by substantial evidence in the

19   record.)  An ALJ's hypothetical question need not include limitations that are

20   unsubstantiated by objective medical evidence or that are based on subjective complaints

21   which are properly discounted.  Thomas, 278 F.3d at 959-60; Osenbrock, 240 F.3d at 1164-

22   65; Copeland v. Bowen, 861 F.2d 536, 540-41 (9th Cir. 1988) (hypothetical question need

23   not include claimant's subjective symptoms if the ALJ makes adverse credibility finding).

24       This was a credibility case.  Plaintiff never addresses the ALJ's adverse credibility

25   determination or the evidence supporting it in any respect, nor does he seek reversal based

26   on Plaintiff's assertions of disabling pain.  There is simply no basis for disturbing the ALJ's

27   decision, which is based on undisputed medical evidence and Plaintiff's lack of credibility.

28

1  The ALJ's determination that Plaintiff is not disabled within the meaning of the Social

2  Security Act is supported by substantial evidence and free of legal error.

3                                              **ORDER**

4          IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the

5  Commissioner of Social Security.

6          LET JUDGMENT BE ENTERED ACCORDINGLY.

7

8  DATED: <u>June 22, 2010</u>                    <u>        /s/ John E. McDermott        </u>
                                                        JOHN E. MCDERMOTT
9                                               UNITED STATES MAGISTRATE JUDGE